# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO.  5:15-CV-095-RLV-DCK

|  |  |  |
|---|---|---|
| MARILYN LUSK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| ONEMAIN FINANCIAL, INC., and | ) | |
| CITIFINANCIAL SERVICING, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Compel Arbitration And Dismiss Or Stay Action" (Document No. 7) filed August 21, 2015.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition.  Having carefully considered the motion and the record, and applicable authority, the undersigned will <u>grant</u> the motion.

## BACKGROUND

Plaintiff Marilyn Lusk ("Plaintiff") commenced this action with the filing of a "Complaint" (Document No. 1-3) in the Superior Court of Mecklenburg County on or about June 22, 2015.  The Complaint asserts claims for:  violation of N.C.Gen.Stat. § 75-50, *et seq.*;  intentional infliction of emotional distress;  and negligent infliction of emotional distress.  (Document No. 1-2, pp.5-9).

Defendants OneMain Financial, Inc. and CitiFinancial Servicing, LLC ("Defendants") filed a "Notice Of Removal" (Document No. 1) to this Court on July 24, 2015.  Defendants' "Answer" (Document No. 6) was filed on August 21, 2015.

The pending "Motion To Compel Arbitration And Dismiss Or Stay Action" (Document No. 7) was also filed August 21, 2015.  Defendants contend that Plaintiff's claims are subject to

an Arbitration Agreement and that this Court should compel Plaintiff to submit her claims to arbitration, and dismiss or stay this action. (Document No. 7). To date, Plaintiff has failed to respond to the pending motion, and the time to do has lapsed. See Local Rule 7.1 (E).

This matter is now ripe for review and disposition.

## DISCUSSION

Defendants first note that Plaintiff alleges in this lawsuit that they engaged in conduct prohibited by the North Carolina Debt Collection Act, and caused Plaintiff emotional distress when they allegedly attempted to collect a debt from her. (Document No. 9, p.1). Defendants then assert that Plaintiff is a party to a written arbitration agreement, which provides that Defendants may require Plaintiff to submit her claims to arbitration. Id. See also (Document No. 7-1). Despite demands that Plaintiff proceed to arbitration, Defendants report that Plaintiff has failed to do so. Id.

It appears to the undersigned that Defendants have shown good cause for the requested relief. Moreover, Plaintiff has failed to file any response to the pending motion, much less denied or rebutted Defendants' arguments.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' "Motion To Compel Arbitration And Dismiss Or Stay Action" (Document No. 7) is **GRANTED**. Plaintiff shall submit her claims to arbitration, or file a Stipulation of Dismissal, on or before **October 23, 2015**.

**IT IS FURTHER ORDERED** that this matter is **STAYED**. The parties shall file a Status Report, jointly if possible, on **December 1, 2015**, and every sixty (60) days thereafter, until this case is dismissed.

**SO ORDERED**.

Signed: September 24, 2015

2

David C. Keesler